# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Malcolm Cain,

        Plaintiff,

v.                                            Case No. 12-1426-JWL

Barton Community College,

        Defendant.

## MEMORANDUM & ORDER

Plaintiff filed this civil rights action against defendant arising out of plaintiff's dismissal from Barton Community College. The case was filed in the United States District Court for the Eastern District of Pennsylvania and was subsequently transferred to this court under 28 U.S.C. § 1406(a) or, alternatively, § 1404(a) after the federal court in Pennsylvania determined that venue was improper. Once it was transferred here, plaintiff's counsel sought and was granted an extension of time and a stay of discovery to obtain local counsel. Thereafter, in late December 2012, plaintiff's counsel advised the court in writing that plaintiff desired to withdraw the lawsuit without prejudice. Defendant agreed to enter s Stipulation of Dismissal subject to three conditions: if plaintiff were to re-file his lawsuit, it must be re-filed in Kansas; any discovery conducted in the action thus far could be re-used in the re-filed case; and plaintiff, consistent with Federal Rule of Civil Procedure 41(d), must pay the costs of this action if he re-files his lawsuit. Neither plaintiff nor his counsel ever responded to defendant's offer.

Defendant now moves to dismiss plaintiff's complaint with prejudice under Federal Rule of Civil Procedure 41(b) or, in the alternative, without prejudice subject to the conditions set forth in its offer to plaintiff. Plaintiff responds, without elaboration, that the conditions would "not allow [him] to properly defend [him]self at a later date and time" and place him at a disadvantage in light of his financial situation. The court concludes that dismissal without prejudice is appropriate at this juncture and that the first two conditions suggested by defendant are also appropriate. The court declines to dismiss the case with prejudice because the court is sufficiently persuaded that plaintiff's delay in prosecuting this case was a result of excusable neglect arising out of plaintiff's attempt to secure new counsel after the transfer of the case and his subsequent decision to proceed pro se after he was not able to find counsel.

The first two conditions suggested by defendant, however, are appropriate conditions to impose upon plaintiff in the event he re-files this action. Requiring plaintiff to re-file his action, should he choose to do so, in federal or state court in Kansas is not onerous in any respect and, in fact, principles of res judicata would likely require him to do so even in the absence of a court order, as the court in Pennsylvania already determined that venue was not proper there. Plaintiff does not suggest that venue would be appropriate in any other forum and, thus, the court concludes that the venue restriction is reasonable as it protects defendant from having to relitigate the venue issue and maintains the right of plaintiff to file a new complaint. *See Versa Prods., Inc. v. Home Depot, USA, Inc*., 387 F.3d 1325, 1326 (11th Cir. 2004) (venue restriction was an appropriate condition to re-filing case where defendant had already obtained under 28 U.S.C. § 1404(a) a transfer of the action for forum non conveniens).

The second condition, that any discovery conducted in this case be used in a subsequently filed case asserting the same claim, is a cost-saving measure not only for defendant but plaintiff as well. There is simply no reason not to utilize the work that has been done in this case in a subsequently filed case. *See Kincaid v. Sturdevant*, 2007 WL 2815970, at *2 (D. Kan. Sept. 27, 2007) (adopting as curative condition to dismissal without prejudice that any material resulting from any discovery conducted in the case be used in any refiled action).

Defendant's third suggested condition is that plaintiff, consistent with Rule 41(d), pay all or part of the costs of this action if he re-files his lawsuit. Federal Rule of Civil Procedure 41(d) states as follows:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). The rule, then, clearly contemplates that the issue of whether the plaintiff should pay costs is one that must be brought to the court in the newly filed action. Defendant, of course, certainly maintains its right to seek costs in a future action.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) is granted to the extent that the court dismisses plaintiff's complaint but that dismissal is without prejudice to refiling subject to the conditions set forth above.

**IT IS SO ORDERED.**


Dated this 11th day of April, 2013, at Kansas City, Kansas.


                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge